JUAN JOSÉ MÉNDEZ, ETC., Plaintiff and Appellee, *v.* ANTONIO CASELLAS, Defendant and Appellant.

No. 5878. Argued January 12, 1934.—Decided September 29, 1934.

510

*Lens & Susoni* for appellant. *F. M. Cadilla* for appellee.

MR. JUSTICE WOLF delivered the opinion of. the Court.

The District Court of Arecibo decided that Juan José Méndez, a minor, was entitled to collect from Antonio Casellas the sum of $400 for injuries received by the said minor. The principal question in the case was whether the defendant was responsible for the acts of his son who was clearly in possession of an automobile belonging to the father on the day of the accident.

There was evidence at the trial tending to show that the defendant had a son 13 years of age who frequently took possession of an automobile belonging to his father and drove through a road of Utuado. This is an unquestioned fact in the case. The father on the witness stand said that the boy had frequently used the automobile, but not with his permission, and that he steadily prohibited the son from driving the said automobile.

The testimony for the defendant tended to show that on the day of the accident the father had taken the ignition distributor from the motor of the car and that the said automobile was unable to run by its own force; that his son and a number of his friends took the automobile from the garage and pushed it through the road from Utuado; that the plaintiff, the minor in this case, attempted to assist the other boys in pushing the car; then suddenly attempted to mount the running board or what not and fell to the ground.

The court did not believe the testimony of the father with respect to the removing of the ignition distributor. The court likewise did not believe the statements of the witnesses of the defendant who attempted to show that the automobile was being pushed by the boys instead of running under its own power. There was ample evidence at the trial that the car being run by the son, under the pressure of gasoline.

The court in deciding for the plaintiff, in part, based its decision on the fact that the son was using the automobile with the knowledge and consent of the father. The element of consent is denied by the father. We find no positive evidence that the father did in fact give his consent to the use of the automobile. If the permission to use the automobile was an essential part of the case, perhaps positive evidence to that effect should have been introduced. On the other hand, there was abundant evidence tending to show the knowledge of the father. The son did not take the stand as a witness and this also raises some presumption against the defendant. It may be that under all the circumstances the court would be justified in finding that the son was using the automobile with the permission of his father.

Sections 1803 and 1804 of the Civil Code provide:

"Sec. 1803.—A person who by an act or omission causes damages to another when there is fault or negligence shall be obliged to repair the damages so done.

"Sec. 1804.—The obligation imposed by the preceding Section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

"The father, and on his death or incapacity the mother, is liable for the damages caused by the minors who live with them.

"Guardians are liable for the damages caused by minors or incapacitated persons who are under their authority and live with them.

"Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties.

"The State is liable in this sense when it acts through a special agent, but not when the' damage should have been caused by the official to whom properly it pertained to do the act performed in which case the provisions of the preceding Section shall be applicable.

"Finally, masters or directors of arts and trades are liable for the damages caused by their pupils or apprentices while they are under their custody.

"The liability referred to in this Section shall cease when the persons mentioned therein prove that they employed all the diligence of a good father of a family to avoid the damage."

The question, therefore, arises in this case as to whether the father employed all the diligence of a good father of a family to avoid the damage. The father said that the automobile was placed in a garage belonging to a Mr. Martínez, and that there were trucks in the same garage. If the defendant had, in point of fact, taken the ignition distributor from the automobile so it could not have run, he would have exercised the prudence of a good father, but the court did not believe and had reasons not to believe this statement.

We are not fully prepared to say exactly what a father must do to prevent a minor son from using his automobile, but evidently he must do something. There are various ways in which an automobile can be so arranged so as to prevent it from being run on its own power. The self-starter or the battery may be locked, a chain may be placed on a wheel and there are other possibilities. The burden is on the defendant to show he used the diligence of a good father of a family to avoid the damage. *Nadal* v. *Miranda,* 27 P.R.R., 300. We do not feel, after the decision of the court below, that this burden was met.

The judgment must be affirmed.